No. 85-97

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

ELIZABETH M. MATKOVIC, individually,
and as guardian of the persons and
estates of WILLIAM RUSSELL SWEET
and SCOTT JAMES SWEET, Deceased,
et al.,

Plaintiffs and Petitioners,

-vs-

SHELL OIL COMPANY and BLACK HILLS
TRUCKING, INC.,

Defendants and Respondents.

---

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

For Petitioners:

Butte Legal Center; D.L. Holland argued, Butte,
Montana

For Respondents:

Moulton, Bellingham, Longo & Mather; William H.
Bellingham argued for Shell Oil, Billings, Montana
Alexander & Baucus; John D. Alexander argued for
Black Hills Trucking, Great Falls, Montana

Submitted: June 27, 1985

Decided: September 30, 1985

Filed: SEP 30 1985

Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

This is an action filed for declaratory relief under Uniform Rule No. 1 of the Montana Rules of Appellate Civil Procedure in response to Federal District Judge Battin's certification of certain questions to this Court. This action was commenced in the District Court of the Second Judicial District, in and for the County of Butte-Silver Bow, by the plaintiffs on March 28, 1983. The defendants removed the case to the United States District Court, for the District of Montana, Billings Division. By an order entered on December 12, 1984, the Federal District Court certified the following questions.

1. Under Montana law, is a person who carries on an abnormally dangerous activity strictly liable for harm to persons resulting from said activity, although the person engaged in the said activity has exercised the utmost care to prevent the harm?

2. May the defense of assumption of risk be a complete bar to plaintiff's recovery under the circumstances of question number 1?

3. If a defense of assumption of risk may not be a complete bar to plaintiff's recovery as posed in question number 2, then is the defense of assumption of risk treated like the defense of contributory negligence under Montana Code Annotated, §§ 27-1-101, et seq., 1983, and apportioned as under the comparative negligence statute?

4. Is the doctrine of contributory negligence available as a defense under the circumstances of question number 1?

The facts of this case for certification purposes were recited by the Federal District Court as follows:

"Elizabeth M. Matkovic is the mother of Russell William Sweet, Deceased, and the

2

duly-appointed guardian of William Russell Sweet and Scott James Sweet, the minor children of Russell William Sweet, Deceased, and the personal representative of the estate of Russell William Sweet, Deceased. Vicky Jean Stacey is the mother and duly-appointed conservator of the estate of Lawrence Sweet, a protected person and the minor son of the decedent. William Sweet is the father of the decedent.

"Defendant, Shell Oil, operated oil wells in North Dakota. Oil well production water was produced from the wells as a by-product. Shell Oil hired defendant Black Hills Trucking to haul this water to a disposal area in Montana. The production water was highly contaminated with hydrogen sulfide.

"On January 29, 1981, Black Hills Trucking brought a truck, which was used to haul this water, into a garage in Sidney, Montana, for servicing and repair. The decedent, an employee of the garage, was assigned the duty of servicing and repairing the truck. Plaintiffs claim that while the decedent was working on the truck, he was overcome by hydrogen sulfide gas emissions and died as a result of such exposure."

I

UNDER MONTANA LAW, IS A PERSON WHO CARRIES ON AN ABNORMALLY DANGEROUS ACTIVITY STRICTLY LIABLE FOR HARM TO PERSONS RESULTING FROM SAID ACTIVITY, ALTHOUGH THE PERSON ENGAGED IN THE SAID ACTIVITY HAS EXERCISED THE UTMOST CARE TO PREVENT THE HARM?

The general rule describing liability for abnormally dangerous activity is found in Restatement (Second) of Torts § 519 (1976), which states:

"(1) One who carries on an abnormally dangerous activity is subject to liability for harm to the person, land or chattels of another resulting from the activity, although he has exercised the utmost care to prevent the harm.

"(2) This strict liability is limited to the kind of harm, the possibility of which makes the activity abnormally dangerous."

This Court has previously adopted a similar theory in Dutton v. Rocky Mountain Phosphate (1968), 151 Mont. 54, 438

P.2d 674. In that case, this Court articulated a standard of strict liability for damage to crops and livestock caused by flouride being emitted from a phosphate plant.

Shell Oil Company recognizes that this Court might apply strict liability principles in an abnormally dangerous situation, but argues that the facts of this case do not warrant submission of the theory. However, that issue is for the Federal District Court. We are only asked whether we would adopt strict liability standards where abnormally dangerous activities are in fact involved. Our answer to that question is in the affirmative. The standard set forth in Restatement (Second) of Torts § 519 (1976), set forth above, is the one that should be followed in submitting this issue to the jury.

Shell Oil urges this Court to require the submission of Restatement (Second) of Torts § 520 (1976), if § 519 is to be given. We agree with this position.

Restatement (Second) of Torts § 520 (1976), provides:

"In determining whether an activity is abnormally dangerous, the following factors are to be considered:

"(a) existence of a high degree of risk of some harm to the person, land or chattels of others;

"(b) likelihood that the harm that results from it will be great;

"(c) inability to eliminate the risk by the exercise of reasonable care;

"(d) extent to which the activity is not a matter of common usage;

"(e) inappropriateness of the activity to the place where it is carried on; and

"(f) extent to which its value to the community is outweighed by its dangerous attributes."

The definition of abnormally dangerous activity contained in § 520 should be given in conjunction with an in-

4

struction setting forth the principle of liability enunciated in § 519.

## II AND III

MAY THE DEFENSE OF ASSUMPTION OF RISK BE A COMPLETE BAR TO PLAINTIFF'S RECOVERY UNDER THE CIRCUMSTANCES OF QUESTION NUMBER 1; AND, IF NOT, THEN IS THE DEFENSE OF ASSUMPTION OF RISK TREATED LIKE THE DEFENSE OF CONTRIBUTORY NEGLIGENCE UNDER MONTANA CODE ANNOTATED, §§ 27-1-101, ET SEQ., 1983, AND APPORTIONED AS UNDER THE COMPARATIVE NEGLIGENCE STATUTE?

In Zahrte v. Sturm, Ruger & Co. (Mont. 1983), 661 P.2d 17, 40 St.Rep. 316, this Court held that assumption of risk was available as a defense in a products liability case but that the defense was to be compared with the conduct of the defendant. We see no reason to apply a different standard to strict liability which arises as the result of conducting an abnormally dangerous activity. Therefore, we hold that assumption of risk is an available defense where defendant conducts an abnormally dangerous activity, but the defense is not absolute. The finder of fact must determine what part of the total cause is attributable to plaintiff's assumption of risk. If it is determined that plaintiff's conduct is more responsible than defendant, then plaintiff cannot recover. If plaintiff's conduct is found to be equal to or less than defendant's conduct, then plaintiff's recovery must be reduced by the percentage attributable to plaintiff.

## IV

IS THE DOCTRINE OF CONTRIBUTORY NEGLIGENCE AVAILABLE AS A DEFENSE UNDER THE CIRCUMSTANCES OF QUESTION NUMBER 1?

In Brown v. North American Manufacturing Co. (1978), 176 Mont. 98, 576 P.2d 711, this Court held that contributory negligence is not an available defense in a strict liability case for defective products. Matkovic contends that this Court should likewise hold that contributory negligence is not a defense to abnormally dangerous activity. We agree.

In Zahrte v. Sturm, Ruger & Co., supra, we affirmed our position in Brown, holding that contributory negligence is not available as a defense in a products liability case based upon strict liability principles. The same rationale

5

forecloses contributory negligence as a defense to strict liability arising out of abnormally dangerous activity. We, therefore, hold that assumption of risk is the only available defense and, as previously stated, must be compared with the conduct of the defendant.

A copy of this opinion shall be mailed to the Clerk of the United States District Court of Montana, Billings Division.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices