MR. JUSTICE MORRISON,
concurring in part and dissenting in part:
I specially concur in part and dissent in part.
Plaintiff presents three theories: 1. Matador and Koch, as owners who employed the services of an independent contractor, should be liable to persons injured by the negligence of the independent con *108 tractor on the basis of nondelegable duty because the activity to be performed was inherently dangerous. 2. Matador and Koch were engaged in conducting an ultra hazardous activity, transporting and storing hydrogen sulfide, and should be liable for injury resulting therefrom on the basis of strict liability. 3. Matador and Koch were negligent in failing to warn the independent contractor, Beall and its employees, of the dangerous propensities of hydrogen sulfide and in delivering the truck to Beall in a highly dangerous condition exposing Beall’s employees to unreasonable risk of harm.
I would affirm summary judgment on the first two theories and remand for trial on the third issue involving defendants’ direct negligence.
In the recent case of Kemp v. Bechtel Construction Co. (Mont. 1986), [221 Mont. 519,] 720 P.2d 270, 43 St.Rep. 1022, we recognized that an owner can be liable for the negligence of an independent contractor where the owner employs an independent contractor to engage in an inherently dangerous activity. In Kemp the majority found that trenching was not inherently dangerous under the circumstances of that case.
The rule in Kemp is premised upon the fact that the owner controls the work place in general and cannot delegate safety responsibility to a subcontractor thereby effectively insulating the owner from liability. However, in this case, Matador is not in control of the work place. Matador owns personalty, in the form of a truck, which is taken to an independent contractor for servicing. Matador has no right to enter the work place nor control the way work is performed on the premises. Therefore, it would make no sense to extend the Kemp rationale to the Matador circumstance. I would affirm summary judgment in favor of Matador and Koch on the non-delegable duty theory.
In the recent case of Matkovic v. Shell Oil Co. (Mont. 1985), [218 Mont. 156,] 707 P.2d 2, 42 St.Rep. 1482, we held that strict liability attached for conducting an ultra hazardous activity. I believe that the Matkovic rule is not applicable here. The activity at issue was being conducted by Beall and not by the defendants. Again, I would affirm summary judgment on this count.
Plaintiff alleges direct negligence on behalf of Matador and Koch in failure to warn of the dangerous propensities of hydrogen sulfide and in delivering for cleaning a truck which presented an unreasonable risk of harm to those working inside the truck's tank. This claim should go forward for factual resolution. Apparently the majority *109 feels there is an issue on negligence but finds the action of Beall, plaintiff’s employer, to be a superseding cause. The majority alludes to “proximate case.”
This case involves multiple causes. Therefore, the pertinent inquiry is whether the defendants’ conduct was a substantial factor in producing plaintiff’s injuries. Legal cause, not proximate cause, is the test. Kyriss v. State of Montana (Mont. 1985), [218 Mont. 162,] 707 P.2d 5, 42 St.Rep. 1487.
Beall, acting through its supervisory personnel, may well have been negligent in directing plaintiff to enter the subject tank containing hydrogen sulfide. However, if Matador and Koch were negligent in failing to advise of the extreme danger, given the amount of sediment they knew was in the tank, that negligence may have concurred with the negligence of Beall. The question of causation, under proper legal cause instructions, is for a jury.
This case should be reversed and remanded for trial on the direct negligence claim.