MR. JUSTICE HUNT,
dissenting:
This cause of action should be reversed and remanded for trial in the District Court. Appellant Dvorak has stated a claim for which relief may be granted and questions of fact exist which can only be resolved by trial.
Appellant asserts three legal theories by which respondents Matador and Koch may be held liable for his injuries. All three theories rely on recognized exceptions to the general rule that employers of independent contractors are not liable for injury caused by those independent contractors. Before discussing each theory of liability, it is necessary to examine the relationship between Beall and Matador, the subsidiary of Koch.
I agree with the majority that Beall was not acting as an agent of Matador. An agency relationship “results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other to act. State v. Holdren (1963), 143 Mont. 103, 109, 387 P.2d 446, 449, citing 1 Restatement, Agency, Section 1 (Emphasis in Holdren). No where in the record is it alleged that Matador employed Beall to act on its behalf or subject to Matador’s control. Rather, Matador did not have any right to control the details of Beall’s operation. Therefore Beall must be considered an independent contractor. See Sharp v. Hoerner Waldorf Corporation (1978), 178 Mont. 419, 424, 584 *110 P.2d 1298, 1302; State ex rel. Ferguson v. District Court (1974), 164 Mont. 84, 88, 519 P.2d 151, 153.
I now turn to the three theories of liability asserted by the appellant. First appellant argues that Matador and Koch are liable because Beall’s work in cleaning trucks, which are often contaminated with hydrogen sulfide, is abnormally dangerous. In Matkovic v. Shell Oil Company (Mont. 1985), [218 Mont. 156,] 707 P.2d 2, 4, 42 St.Rep. 1482, 1484, we replied to a certified question from the Federal District Court for Montana. We stated that strict liability principles apply in an abnormally dangerous situation. In so holding, we adopted the standard set forth in Restatement (Second) of Torts Section 519 (1976). The Restatement also treats the issue of abnormally dangerous activities carried on by an independent contractor. Section 427 A. of the Restatement states:
“One who employs an independent contractor to do work which the employer knows or has reason to know to involve an abnormally dangerous activity, is subject to liability to the same extent as the contractor for physical harm to others caused by the activity.”
Comment a to Section 427A refers the reader to Sections 419-524A “to determine the liability of both the employer and the independent contractor.” The rationale for this rule of employer liability is stated in Section 427A comment b. An employer who meets the criteria of Section 427A “cannot be permitted to escape the responsibility for the abnormal danger created by the activity which [the employer] has set in motion, and so cannot delegate the responsibility for harm resulting to others to the contractor.” This language harmonizes well with our longstanding rule that an employer may not “set in operation causes dangerous to the person or property of others . . . [and then] divest himself of the primary duty he owes to other members of the community by contracting with others for the performance of work, the necessary and probable result of which is injury to third persons.” A.M. Holter Co. v. Western Mtge. & Warranty Co. (1915), 51 Mont. 94, 99, 149 P. 489, 490.
I disagree with the majority’s conclusion that “Matador cannot be liable in any event because it has not the proximate cause of Dvorak’s injuries.” Proximate causation is applicable only in a direct negligence action, not in the area of strict liability.
Appellant states a cause of action for which relief may be granted. On this theory, a jury should determine whether Beall’s activities were abnormally dangerous and whether Matador knew or had reason to know about the abnormal danger.
*111 Our opinion in Matkovic sets forth the factors to be considered by the jury in determining whether an activity is abnormally dangerous. Matkovic, 707 P.2d at 4, 42 St.Rep. at 148, citing Restatement (Second) of Torts Section 520 (1976). Next, appellant asserts that another exception to the general rule of non-liability of employers of independent contractors applies to the facts of this case. Again, appellant relies on Montana cases which reflect the exception found in Sections 416 and 427, Restatement (Second) of Torts (1976). Montana has long recognized that those who employ independent contractors to undertake “inherently dangerous” activity, or activity involving “peculiar risks” are primarily liable for harm growing out of the inherent dangers. See Kemp v. Bechtel (Mont. 1986), [221 Mont. 519,] 720 P.2d 270, 43 St.Rep. 1022, 1029-1034 (Morrison, Hunt, JJ. dissenting) Ulmen v. Schweiger (1932), 92 Mont. 331, 247, 12 P.2d 856, 857; Shope v. City of Billings (1929), 85 Mont. 302, 278 P. 826; AM. Holter Co. v. Western Mtge. & Warranty Co. (1915), 51 Mont. 94, 99, 149 P. 489, 490.
This rule imposes liability upon employers for “the failure of the contractor to exercise reasonable care.” Restatement (Second) of Torts Section 416 at 395. Therefore, the contractor’s negligence cannot be held to cut off the employer’s liability simply because that negligence is the sole proximate cause of the injury. It is the very negligence of the contractor which makes the employer liable. Again this vicarious liability exists because Montana’s policy is not to let those who set in motion dangerous activities escape liability. And again, this theory calls for jury determination of the factual issue of whether shoveling sediment from trucks used in the Williston Basin is inherently dangerous or involves particular risks.
Finally appellant also relies upon a direct negligence theory to hold Matador and Koch liable for his injuries. The first two theories would hold Matador and Koch liable despite the absence of any negligence upon their part. In this third argument, appellant contends that Matador was directly negligent in not exercising reasonable care to provide that Beall take precautions necessary to avoid peculiar and unreasonable risks inherent in the work. Again this theory reflects the Restatement (Second) of Torts, this time Section 413. That section recognizes that employers of independent contractors do not have the right to control the details of the contractor’s work. However, where the employers, by knowledge and experience, realize that the work is inherently dangerous, the employers have a duty of due care in setting that work in motion. The simplest way to exer *112 cise that care is to provide for preventative precautions in the contract with the independent contractor. Section 413(a) Restatement (Second) of Torts (1976). The employer who realizes, after forming the contract, that dangers have arisen should act to prevent those dangers from causing injury. See Section 413 comment d. Again, a jury should determine the extent of Matador’s experience, knowledge, and awareness of unreasonable danger and evaluate the acts of Matador against that standard of due care. For appellant to prevail on this third theory, a negligence action, the jury must, of course, find Matador’s actions, or failure to act, proximately caused appellant’s injury.
Finally, I must disagree with the majority position that the Restatement exceptions to the general rule of employer non-liability apply only in the construction context. I simply cite a sampling of cases where these sections have been applied outside the construction area. Sun Pipeline Co. v. Kirkpatrick (Tex.App. 1974), 514 S.W.2d 789 (spraying defoliant along an easement); Trexler v. Tug Raven (E.D.Va. 1968) 290 F.Supp. 429, 444 (gasoline being discharged into storage tanks from a barge); McDonald v. Oakland (1967) 255 Cal.App.2d 816, 63 Cal.Rptr. 593 (painting a water tank with volatile paint).
As long as the policy behind the Sections 413, 416, 427, 427A is remembered, employers will not be suddenly liable for every negligent act of independent contractors employed by them. These theories apply only where employers set in motion activities which are inherently dangerous and where Montana’s long-standing policy is to hold the initiator of dangerous activities liable for any resulting injury. I would reverse and remand for trial.