No. 82-185

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

TIM A. ZAHRTE,

                    Petitioner,

    vs.

STURM, RUGER & CO., INC.,

                    Respondent.

---

ORIGINAL PROCEEDING:

Counsel of Record:

    For Petitioner:

        Milodragovich, Dale & Dye, Missoula, Montana
        M. J. Milodragovich argued, Missoula, Montana

    For Respondent:

        Poore, Roth, Robischon & Robinson, Butte, Montana
        Wildeman, Harrold, Allen & Dixon, Chicago, Illinois
        James Dorr argued, Chicago, Illinois

    For Amicus Curiae:

        Charles A. Smith, Helena, Montana

---

                        Submitted:  January 11, 1983

                        Decided:  March 3, 1983

Filed:  March 3, 1983

_Ethel M. Harrison_
                        Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Petitioner here is the appellant in a federal appeal from a judgment entered by the United States District Court (D. Montana) and reported in Zahrte v. Sturm, Ruger & Company (1980), 498 F.Supp. 389. The appeal was briefed and argued before the United States Court of Appeals, Ninth Circuit, and petitioner was then ordered to submit certified questions from the Court of Appeals to this Court for determination.

Petitioner presents multiple questions for resolution but we find the first question to be dispositive.

The following excerpt is taken from the certification:

"Because of uncertainty concerning the proper interpretation of Montana law, pursuant to Montana Supreme Court Rule I we certify the following questions:

"(1) Does the defense of assumption of risk still exist as a complete bar to plaintiff's recovery in a products liability action in the State of Montana?

"There is room for substantial difference of opinion as to the correct answer to this question. See, Brown v. North American Mfg. Co., 576 P.2d 711 (Mont. 1978); Kopischke v. First Continental Corp., 610 P.2d 668 (Mont. 1980); Zahrte v. Sturm, Ruger & Co., 498 F.Supp. 389 (D. Mont. 1980); Trust Corp. of Montana v. Piper Aircraft Corp., 506 F.Supp. 1093 (D. Mont. 1981); Ingram v. Dick-Char, Inc., No. 80-107-M (D. Mont. January 7, 1982), 39 St.Rep. 96."

The answer is "No". This opinion discusses and analyzes Brown v. North American Mfg. Co. (1978), 176 Mont. 98, 576 P.2d 711, and Kopischke v. First Continental Corp., (1980), _____Mont._____, 610 P.2d 668, 37 St.Rep. 437, as cited by the Circuit Court of Appeals in the certification. The last three cases referred to are federal cases and need not be discussed. Since the certification this Court has modified Montana law regarding assumption of the risk in Abernathy v. Eline Oil Field Services, Inc., (1982), _____Mont._____, 650 P.2d 772, 39 St.Rep. 1688. Therefore, our decision in that

case must be integrated with an analysis of Brown and Kopischke.

Brown v. North American Mfg. Co., supra, predated the enactment of comparative negligence in Montana. At the time Brown was tried both contributory negligence and assumption of risk were, in negligence actions, absolute bars to recovery. Plaintiff contended in Brown that contributory negligence could not be considered as a defense in a case premised upon strict liability. Brown conceded that assumption of the risk would operate as a complete bar. The jury was instructed that plaintiff could be defeated if he were found to have assumed the risk but the jury was instructed that any lack of due care on the part of the plaintiff was not to be considered. The majority of the court disapproved of the instruction because it injected elements of contributory negligence into a strict liability case but did not find the giving of the instruction to be prejudicial error. The court clearly pointed out in Brown that plaintiff was to be judged on the basis of plaintiff's subjective knowledge of the danger and not upon a "reasonable man" standard. The issue of whether assumption of risk was a complete bar was not litigated. Following Brown the law in Montana was that assumption of risk was the only affirmative defense in a strict liability case.

In Kopischke v. First Continental Corp. (1980), ____Mont.____, 610 P.2d 668, 37 St.Rep. 437, this Court first had an opportunity to address the defense of assumption of risk after the legislature adopted comparative negligence. Although this Court held that none of the elements of assumption of risk were present in Kopischke, we held that in the future, in Montana, assumption of risk conduct would be

3

compared just as contributory negligence was compared under the new statute.

Since certification of the issue in this case, we decided Abernathy v. Eline Oil Field Services, Inc., (1982), ____Mont.____, 650 P.2d 772, 39 St.Rep. 1688. In Abernathy we abolished implied assumption of risk as a defense to negligence actions but reserved decision on the applicability of assumption of risk where the defense was interposed in a strict liability action. Had we completely abolished assumption of risk as a defense in Abernathy there would have been no defenses remaining for strict liability cases. We therefore reserved judgment to a later date.

Assumption of the risk involves application of a subjective standard to the plaintiff's conduct. Contributory negligence, on the other hand, involves the application of a "reasonable man" standard which necessarily is objective. Although there is language in Kopischke v. First Continental Corp., supra, quoting from other jurisdictions, which would indicate that assumption of the risk is subsumed in contributory negligence, we feel that, by virtue of the two different standards involved, the concepts are distinct. The thrust of Kopischke is to allow assumption of risk to be compared rather than have it operate as an absolute bar. We did not intend in Kopischke to merge the two defenses.

In Abernathy v. Eline Oil Field Services, Inc., supra, we maintained a distinction between assumption of risk as a defense in negligence actions and assumption of risk as a defense in a strict liability case. The common law defense of assumption of risk involved the defeat of a plaintiff who voluntarily exposed himself to a known danger. Plaintiff was defeated even if such exposure was done reasonably. In Abernathy we resolved to discard this outmoded doctrine but

4

reserved judgment with respect to strict liability actions for two reasons. First, the defense of assumption of risk in a strict liability action is different from common law assumption of risk as applied to negligence actions. Secondly, we felt that a defense should be retained for strict liability actions and that assumption of risk may be the appropriate defense.

Unlike the common law defense of assumption of risk, the defense as applied in a strict liability case involves unreasonable exposure to a known danger. Plaintiff must have a subjective knowledge of the danger and then voluntarily and unreasonably expose himself to that danger before assumption of risk will become operative in a strict liabilty case. If those elements are found to exist the defense becomes operative and must be compared with the conduct of defendant. The mechanics of comparison are the same as in comparison for contributory negligence.

In summary, assumption of risk is an available defense in a strict liability case. The defense must establish that plaintiff voluntarily and unreasonably exposed himself to a known danger. If the defense is found to exist then plaintiff's conduct must be compared with that of defendant. The same Montana law which governs comparison of contributory negligence controls comparison of assumption of risk.

_____
Justice

We concur:

_____
Chief Justice

_____

5

Daniel J Shea

_____

_____

John C Sheehy
Justices

6

Mr. Justice L. C. Gulbrandson respectfully dissenting:

I respectfully dissent.

The United States Court of Appeals for the Ninth Circuit has requested this Court's answers to certified questions for application in the instant case, tried during May 1980, and in the case of Shekell v. Sturm, Ruger & Company, Inc., in the United States District Court (D. Montana) case no. D.C. CV-80-70-PGH, judgment entered June 10, 1981.

In my view, the majority has used the certification process to announce a change in the law, without guidance to the federal court as to when that change occurred.

In Brown v. North American Mfg. Co. (1978), 176 Mont. 98, 576 P.2d 711, a strict liability case, this Court reiterated assumption of risk as a bar to recovery by setting out 2 Restatement of Torts 2d, §402A, Comment (n) and stating: "We find the above standard of conduct of the plaintiff as related to the injury must be considered under the Montana case law on the assumption of risk when applied to strict liability cases." 576 P.2d at 719. Under Brown, the answer to the first certified question is "yes".

In Kopischke v. First Continental Corp. (1980), _____ Mont. _____, 610 P.2d 668, 37 St.Rep. 437, not a strict liability case, this Court stated:

> "As stated earlier, the elements of the doctrine of assumption of the risk are not present in this case. However, when this situation does arise, we will follow the modern trend and treat assumption of the risk like any other form of contributory negligence and apportion it under the comparative negligence statute." 610 P.2d at 687.

In Abernathy v. Eline Oil Field Services, Inc. (1982), _____ Mont. _____, 650 P.2d 772, 39 St.Rep. 1688, not a strict liability case, this Court held that the doctrine of implied assumption of risk is no longer applicable in Montana and further stated: "In this case, we are not ruling upon the application of the doctrine of assumption of risk in product liability cases." 650 P.2d at

776.

As of that date, the answer to the first certified question would appear to remain "yes".

In Abernathy, this Court, in essence, merged the defense of assumption of risk in negligence cases into the general scheme of comparative negligence, following the reasoning that assumption of risk is a variant of contributory negligence, citing Li v. Yellow Cab Co. of California (1975), 13 Cal.3d 804, 119 Cal.Rptr. 858, 532 P.2d 1226, a case previously cited with approval in Kopischke.

The California Supreme Court in Daly v. General Motors Corp. (1978), 144 Cal.Rptr. 380, 575 P.2d 1162, used the Li case to extend the principles of comparative negligence to actions founded in strict products liability, thereby joining the majority of states which have considered the issue. Those states have recognized the semantic incongruity of applying negligence concepts to cases in strict liability, but have noted that strict liability does not mean absolute liability, and that by applying comparative negligence or fault principles, the bar to recovery under the assumption of risk defense is removed. See cases cited in Trust Corp. of Montana v. Piper Aircraft Corp. (1981 D.Mont.), 506 F.Supp. 1093, footnote 3.

The signers of the majority opinion, by refusing to apply general comparative principles in strict liability cases, and taking a unique position will surprise those federal judges who have had occasion to interpret Montana law to this date.

Here, the majority, in effect, has refused to extend comparative principles except in the limited area where a plaintiff has voluntarily and unreasonably exposed himself to a known danger, a departure from the rule enunciated in Brown. The result is that comparative principles will not be applied where the plaintiff voluntarily and reasonably exposes himself to a known danger or where the plaintiff has engaged in negligent conduct.

- 8 -

I would retain the defense of assumption of risk as set forth in 2 Restatement of Torts 2d §402A, Comment (n) until pure comparative principles are applied in strict liability cases by this Court or the Montana legislature.

_____
Justice