Duane **FREDENBERG**, Personal Representative of the Estate of Pamela Fredenberg, Plaintiff,

v.

**SUPERIOR BUS COMPANY, a DIVISION OF SHELLER–GLOBE CORPORATION, and General Motors Corporation, a Delaware corporation, Defendants,**

**SUPERIOR BUS COMPANY (SHELLER–GLOBE OF CANADA, LTD.), Defendant and Third-Party Plaintiff,**

v.

Harold **BELCHER** and Dixon Brothers, Inc., a Wyoming corporation, Third-Party Defendants.

No. CV 85–120–M–CCL.

United States District Court, D. Montana, Missoula Division.

Feb. 24, 1986.

W. William Leaphart, Helena, Mont., for plaintiff.

James Hinga and Thomas Overton, Baker & Hostetler, Denver, Colo., and William Crowley, Boone, Karlberg & Haddon, Missoula, Mont., for Superior Bus Co.

Randy H. Bellingham, Billings, Mont., for General Motors.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

On January 21, 1984, Pamela Fredenberg was a passenger on a school bus traveling on U.S. Highway 2 between Browning and Whitefish, Montana, when the bus collided with a semi-tractor/trailer. Pamela Fredenberg sustained fatal injuries as a result of the accident.

Plaintiff, in his capacity as personal representative of the decedent's estate, seeks damages against the manufacturers of the school bus for the enhanced injuries allegedly sustained by the decedent as a result of the defective condition of the bus.* The complaint, based solely on strict products liability, alleges that the bus was in a defective condition, unreasonably dangerous because it had no seatbelts or similar restraining devices and because the passenger seats were not padded or otherwise "delethalized." Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332.

Essentially, plaintiff seeks a determination that the bus was not "crashworthy," and that as a result of this defect plaintiff's decedent sustained enhanced injuries which resulted in her death. This is known as a "second collision" case, first recognized in Montana in *Brandenburger v. Toyota Motor Sales, U.S.A., Inc.*, 162 Mont. 506, 513 P.2d 268 (1973). In a "second collision" case, the defect in the vehicle is not alleged to be the cause of the accident; rather, it is alleged to be the cause of the injuries sustained by the plaintiff "from the ensuing impact upon ... being tossed around the interior of the car." *Id.*, 513 P.2d at 274.

Defendant Superior Bus ("Superior") raised fourteen affirmative defenses in its answer and filed a third-party complaint against the driver and owner of the truck involved in the accident. Superior affirmatively asserts that the subject accident and resulting injuries were caused by the negligence of third-party defendant Harold Belcher, the driver of the truck. By its third-party complaint, Superior seeks contribution from the third-party defendants under Montana's comparative negligence and contribution laws, §§ 27–1–702, 27–1–703, M.C.A.

Both plaintiffs and third-party defendants have moved to dismiss the third-party complaint. Plaintiff additionally has moved to strike six of the 14 affirmative defenses.

*Motion to Strike*

Under Rule 12(f), Fed.R.Civ.P., the court, upon motion, may order stricken from a pleading any insufficient defense or any redundant, immaterial or scandalous matter. Plaintiff moves to strike the following defenses affirmatively raised by Superior:

1. Fourth Defense: plaintiff's claims were not brought within the applicable Statute of Limitations.

2. Fifth Defense: plaintiff's damages were caused by the negligence of third persons over whom Superior had no control.

3. Sixth Defense: plaintiff's damages were the result of the misuse of the product by third persons over whom Superior had no control.

4. Seventh Defense: plaintiff's damages were the result of intervening and superseding acts or omissions of persons or entities other than Superior.

5. Eighth Defense: plaintiff lacks standing to bring this action.

6. Thirteenth Defense: plaintiff's claims of breach of warranty are barred by the applicable statute of limitations.

Superior confesses plaintiff's motion to strike its affirmative defenses regarding product misuse and lack of standing. Therefore, as to Superior's Sixth and Eighth affirmative defenses, plaintiff's motion is GRANTED and said defenses shall be stricken from the answer.

■ Superior asserts that the two statute of limitations defenses raised are viable and that it should be entitled to pursue

---

* Defendant General Motors denies that it has ever engaged in the design, manufacture, or distribution of school buses, including the bus at issue.

discovery with respect to each such defense. The fourth defense is based on the three year statute of limitations for tort actions, which is applicable to products liability cases. Superior apparently relies on *Thompson v. Nebraska Mobile Homes Corp.*, 198 Mont. 461, 647 P.2d 334 (1982), which held that the three-year limitation period commences to run from the date of discovery of the product's defect. Thus, Superior asserts that it is entitled to conduct discovery for the purpose of determining when plaintiff's decedent became aware that the school buses had no seatbelts.

This argument is without merit. In *Thompson, supra,* the only injury was to the defective product itself, and the Montana Supreme Court held that plaintiff's cause of action accrued when she learned of the defect. The Court is aware of no case law holding that where a person sustains injury as a result of a defective product his cause of action may accrue prior to the time of injury. Certainly, if a person buys a product, discovers a defect, and proceeds to use the product in disregard of the defect, an assumption of risk defense may arise. However, the plaintiff's cause of action cannot accrue until the time of injury, because there is no claim for damages until that time and injury is a critical element of a strict products liability action.

Plaintiff commenced this action 18 months after the accident, well within the applicable period of limitations. Therefore, plaintiff's motion to strike is GRANTED as to Superior's Fourth affirmative defense, and the same shall be stricken from the answer.

▮ In support of its Thirteenth affirmative defense, Superior asserts that plaintiff's warranty claims are barred by the four-year limitation period on contracts for sale contained in the Uniform Commercial Code, § 30–2–725, M.C.A. Superior claims that because the bus was sold during or prior to 1978, the four-year period for breach of warranty has run. Plaintiff has not responded to this argument.

Section 30–2–725(2) provides that a cause of action accrues when the breach occurs, "except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." Plaintiff's claim arguably comes within this exception; however, on its face the defense is not insufficient. Therefore, plaintiff's motion to strike will be, and the same is hereby DENIED as to Superior's Thirteenth Defense.

The remaining two defenses sought to be stricken from the answer concern the negligence and superseding acts of third persons. These defenses are directly related to the third-party action brought against Belcher and Dixon Brothers, Inc. For the reasons discussed below, plaintiff's motion shall be granted as to Superior's Fifth and Seventh Defenses.

*Motions to Dismiss*

▮ Plaintiff and third-party defendants each move to dismiss the third-party complaint on the grounds that the negligence of a third party is not a proper issue in a "crashworthiness" suit. Superior, on the other hand, maintains that Montana law and considerations of judicial economy favor apportionment of liability between all persons who contributed as a proximate cause to the plaintiff's injuries. Superior claims that it would be unduly harsh to place the entire burden of liability on one actor when the injury has multiple causes.

The issue presented is whether, under Montana law, when a plaintiff sues the manufacturer of a vehicle in a "second collision" case under a theory of strict products liability, the manufacturer may bring a third-party claim for contribution against the original tortfeasor on the basis of the third-party's alleged negligence in causing the initial accident.

Where jurisdiction is based on diversity of citizenship, the district court must apply the substantive law of the forum state. *St. Paul Fire & Marine Ins. Co. v. Weiner,* 606 F.2d 864, (9th Cir.1979). In a case such as this, where the state supreme court has

not directly confronted the situation with which the federal court is presented, it is the duty of the federal district judge to apply the rule of law he believes the state court would adopt. *Commercial Union Ins. Co. v. Ford Motor Co.*, 640 F.2d 210 (9th Cir.1981), *cert. den.* 454 U.S. 858, 102 S.Ct. 310, 70 L.Ed.2d 154.

Rule 14(a), Fed.R.Civ.P., allows a defending party to bring in as a third-party defendant "a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." Thus, a third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto. *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983). The decision to allow a third-party defendant to be impleaded under Rule 14 is entrusted to the discretion of the trial court. *Id.*

The secondary liability claim in this case is premised upon the theory that if Superior is found liable for plaintiff's damages, it should be entitled to receive contribution from Belcher and Dixon Brothers as joint tortfeasors. Montana's contribution statute provides in pertinent part:

> Whenever the negligence of any party in any action is an issue, each party against whom recovery may be allowed is jointly and severally liable for the amount that may be awarded to the claimant but has the right of contribution from any other person whose negligence may have contributed as a proximate cause to the injury complained of.

Section 27-1-703(1), M.C.A. Subsection (2) allows a party "against whom a claim is asserted for negligence resulting in death or injury" to join as an additional party to the action any other person whose negligence may have contributed as a proximate cause of the plaintiff's alleged injuries.

In this case, the initial complaint sounds only in strict products liability. In order to establish a prima facie case in strict liability, plaintiff must prove (1) the product was in a defective condition, unreasonably dangerous to the user or consumer; (2) the defect caused the injuries of which plaintiff complains; and (3) the defect is traceable to the defendant. *Brown v. North American Mfg. Co.*, 176 Mont. 98, 576 P.2d 711 (1978). The duty imposed upon the manufacturer by the law of strict liability is "a duty to prevent the release of 'any product' in the defective condition, unreasonably dangerous to the user or consumer, 'into the stream of commerce.'" *Kuiper v. Goodyear Tire & Rubber Co.*, — Mont. —, 673 P.2d 1208, 1222 (1983). The manufacturer does not fulfill this duty even if he takes all reasonable measures to make the product safe. *Id.* Thus, the conduct of the defendant in manufacturing the product and in placing it on the market is irrelevant.

Superior asserts that the Montana Supreme Court has applied principles of comparative negligence in strict products liability cases, and that to do so in this case would be consistent with prior law. Each case cited in support of this argument holds that the conduct of the plaintiff may be considered in apportioning liability. The law in Montana is that assumption of risk is available as a defense in a strict liability case. *Zahrte v. Sturm, Ruger & Co., Inc.*, — Mont. —, 661 P.2d 17 (1983). The defense must establish that the plaintiff voluntarily and unreasonably exposed himself to a known danger. If the defense is found to exist then plaintiff's conduct may be considered under the apportionment principles of Montana's comparative negligence statute, § 27-1-702, M.C.A. *Id.*, 661 P.2d at 19. Assumption of risk involves application of a subjective standard to the plaintiff's conduct. The supreme court has rejected objective contributory negligence in the strict liability context. *See, Brown, supra*, 576 P.2d at 720; *Kuiper, supra*, 673 P.2d at 1222; *Matkovic v. Shell Oil Co.*, — Mont. —, 707 P.2d 2 (1985).

The moving parties rely on *Kelly v. General Motors Corp.*, 487 F.Supp. 1041 (D.Mont.1980), for their position that the third-party action in this case is improper. The court in *Kelly* dismissed the third-party claim for indemnity on the grounds that

negligence or conduct-based considerations should not be interjected into an action sounding solely in strict liability.

*Kelly* was decided prior to the 1981 amendment of the contribution statute allowing joinder of all potentially liable persons or entities as party-defendants. The amendment, however, did not change the result of *Kelly.* Prior to 1981, the Montana Supreme Court held that Montana's contribution statute applied only in cases where plaintiff's contributory negligence was at issue and only to defendants against whom judgment had been recovered by plaintiff. *Consolidated · Freightways Corp. of Delaware v. Osier,* 185 Mont. 439, 605 P.2d 1076 (1979). The court stated that the language of § 27-1-703 was "not an invitation to engage in third-party practice under Rule 14." *Id.,* 605 P.2d at 1079. The effect of the statutory amendment was to permit joinder of those persons whose negligence may have contributed, along with the original defendant's negligence, as a proximate cause of the plaintiff's injuries. The statute, however, speaks *only* to cases in which the negligence of the original defendant is at issue.

As the court noted in *Kelly,* because a products liability action is predicated upon the *condition* of the product, and not upon the ultimate fault of any given defendant arising from that defendant's *conduct,* inquiry into matters of conduct has "no place" in a strict liability action.

> Such a mixing of legal theories works contrary to the policies underlying the strict liability doctrine, and stands to pollute and even frustrate the process by which the injured plaintiff claims against a manufacturer and proves a claim for relief arising from product-caused injuries.

*Kelly, supra,* 487 F.Supp. at 1047. This is particularly true in a second-collision case. The issue in this crashworthiness case is whether, given the fact of the initial collision, the protective system supplied by defendants was unreasonably dangerous. *See, Foreman v. Jeep Corporation,* CV 83–56–GF–PGH (D.Mont.1984). Plaintiff seeks damages only for enhanced injuries the decedent would not have sustained but for the defective condition of the bus. While Belcher's negligence may have contributed significantly to the initial collision, it is difficult to see its relevance to the enhancement of the decedent's injuries.

> The whole point of comparative negligence is that the relation between injury and cause cannot be accurately determined, and an allocation based on the degree of negligence of each party becomes the measure of liability.

*Kalland v. North American Van Lines,* 716 F.2d 570 (9th Cir.1983) (applying Montana law).

Proper instruction of the jury clarifying the enhancement and second-collision issues will alleviate any prejudice defendants might suffer as the result of being the sole parties against whom relief is sought. *See also, Bike v. American Motors Corp.,* 101 F.R.D. 77 (E.D.Pa.1984). Interjecting the issue of Belcher's negligence would only confuse the jury and would materially depart from the nature and intent of plaintiff's original claim.

THEREFORE, IT IS HEREBY ORDERED:

1. Plaintiff's motion to strike is GRANTED as to Superior's Fourth, Fifth, Sixth, Seventh, and Eighth Defenses and DENIED as to Superior's Thirteenth Defense.

2. Plaintiff's and Third-Party Defendants' motions to dismiss are GRANTED, and the third-party complaint against Harold Belcher and Dixon Brothers, Inc., is DISMISSED, each party to bear its own costs.