
DA 07-0030

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 45

DAVID TURK,

      Plaintiff and Appellee,

    v.

RICHARD TURK and JOANN FINN,

      Defendants and Appellants.

APPEAL FROM:     District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 04-1182,
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Gregory W. Duncan, Attorney at Law, Helena, Montana

      For Appellee:

          Christopher Daly, Attorney at Law, Missoula, Montana

                 Submitted on Briefs: November 28, 2007

                        Decided: February 12, 2008

Filed:

_____
                          Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 David Turk ("David") brought suit against his sister, Joann Finn ("Joann"), and his brother, Richard Turk ("Dick"), claiming ownership and seeking the return of a 1975 U-Haul truck and tools contained within the truck. Joann and Dick denied that David had an ownership interest in either the truck or the tools. The matter proceeded to trial, where a jury found that David was the rightful owner of the truck and any tools contained within. Joann and Dick now appeal. We affirm.

¶2 We restate the issues as follows:

¶3 I. Did the District Court abuse its discretion by using a special verdict form that treated the truck and tools as a whole?

¶4 II. Did the District Court err by denying Joann and Dick's motion for judgment as a matter of law concerning Joann Finn?

¶5 III. Did the District Court err by denying Joann and Dick's motion for judgment as a matter of law regarding the statute of limitations?

**BACKGROUND**

¶6 The truck and tools in question originally belonged to Augustine Turk ("Gus"). In his will, Gus divided his estate equally between his and his late wife's surviving siblings. The estate's assets included a great deal of equipment and tools, including the property at stake in the instant case. The Turk siblings elected to take their share of the estate in this equipment. Dick served as one of the estate's personal representatives and kept the titles to the estate equipment and vehicles in a filing cabinet in his home. Though the estate

2

has been closed for more than eight years, the heirs gave conflicting testimony as to how the equipment was to be distributed amongst the Turks, and whether each received his or her fair share.

¶7 Most of this equipment was stored on Joann's property in Townsend. Several years after the final accounting, David removed the truck (in which some of the tools were stored) from Joann's property without notifying her or Dick. When Joann noticed the truck was missing, she reported it stolen to the police. The police report named David as a suspect.

¶8 The sheriff repossessed the truck and returned it to Joann. David's attorney sent a demand letter to Joann and Dick requesting return of the truck and the tools. They contested David's ownership, and this litigation ensued.

¶9 At trial, David testified that his brother Bill (now deceased) gave him the U-Haul truck. David introduced the truck's title into evidence. The title listed Augustine Turk as the vehicle's owner, and was signed over to David Turk (the purchaser) by both Charles Morris and Richard Turk (the sellers). In response, Dick testified that the title from the truck was an open title. Dick denied that the truck was given as a gift to David and accused David of stealing the title.

¶10 At the close of David's case, Joann and Dick made two motions for judgment as a matter of law. First, they argued, David had failed to state a prima facie case against Joann, and thus she should be dismissed from the case. Second, they claimed the statute of limitations had run as to any possible estate or contract claims that David might bring

3

against them. The District Court denied both motions and held that no issues of contract law or estate law were at stake. The court instructed counsel not to argue any theories of estate or contract law and to limit their arguments to the issue of whether or not David had received the property as a gift.

¶11 The court revised the special verdict form it had prepared and withdrew the following jury instruction, which had been delivered at the beginning of the trial: "If you find that David Turk was given a proposed distribution of the assets of the Estate of Augustine Turk and never objected to that distribution within 30 days of its receipt, he has waived his right to object." David objected to the court's decision to strike the estate law issue, but Joann and Dick did not. Appellants also voluntarily withdrew their remaining proposed jury instructions which dealt with estate and contract law issues pertaining to the ownership of the tools.

¶12 The jury found that David was the rightful owner of the truck and the accompanying tools. The court ordered Joann and Dick to turn over the truck to David; however, they did not do so until several months later, after David filed a motion for contempt.

## DISCUSSION

¶13 **I. Did the District Court abuse its discretion by using a special verdict form that treated the truck and tools as a whole?**

¶14 After denying both of Joann and Dick's motions for judgment as a matter of law, the court revised the special verdict form and withdrew a previously given jury

4

instruction pertaining to an issue of estate law. The court explained that the new verdict form and jury instructions "basically limit[] the case now to whether or not there was a gift to the plaintiff[.]" The revised verdict form read: "Does David Turk rightfully own the 1975 Ford U-Haul Truck, Title #429002 with the tools inside of it?" In response to this interrogatory, the jury was instructed to "[w]rite in 'Yes' or 'No.'"

¶15 Joann and Dick argue that the court erred by revising the verdict form and jury instructions, and claim the court improperly denied them the opportunity to argue their theories of ownership based on estate and contract law. They further argue that the revised verdict form improperly combines distinct questions of ownership, treating the tools and the truck as a whole. However, they have waived the right to argue each of these issues.

¶16 The failure to object to a verdict form and/or jury instructions at trial results in a waiver of the right to challenge them on appeal. *Greytak v. RegO Co.*, 257 Mont. 147, 152, 848 P.2d 483, 486 (1993). Objections to jury instructions or special verdict forms must be specific, and must state with particularity the grounds upon which they are made. M. R. Civ. P. 51; *Greytak*, 257 Mont. at 152, 848 P.2d at 486. We have cautioned that "[t]he instruction which is given without objection becomes the law of the case." *Kneeland v. Luzenac America, Inc.*, 1998 MT 136, ¶ 43, 289 Mont. 201, ¶ 43, 961 P.2d 725, ¶ 43 (citation omitted).

¶17 The record clearly demonstrates that Joann and Dick have waived their right to challenge both the verdict form and jury instructions on the basis that either omits issues

of estate or contract law. When the court explained its decision to revise the verdict form and the jury instructions, Joann and Dick agreed with the court's decision to restrict the jury from considering any estate law issues. Joann and Dick then withdrew their proposed jury instructions concerning estate and contract law and stated they had no additional objections to the remaining jury instructions, nor any new jury instructions to offer. These actions prevent Joann and Dick from challenging the court's decision to preclude the jury from considering their contract and estate law theories.

¶18 Joann and Dick did object to the revised verdict form, but only on a very narrow ground: the jury should consider the ownership of the truck and the tools separately, they argued, not as a whole. However, this argument too has been waived, for the same reasons discussed above. The only theory upon which Joann and Dick challenged David's ownership of the tools was based in estate law: they concede that David, as an heir of Gus's estate, may have owned 1/6 of the tools, but argue that after distribution of the estate, he did not have a complete ownership interest in the tools. By contrast, David claims a 100 percent ownership interest in the U-Haul truck, stating it was a gift from Bill Turk (now deceased). Thus, Joann and Dick reason, the jury should be asked to make distinct findings as to who owns the tools and who owns the truck.

¶19 This theory of the case was embodied in the court's initial instruction to the jury (reproduced in ¶ 12 above). However, Joann and Dick failed to object when the court later withdrew that instruction and precluded the jury from further analyzing ownership of the tools under estate law. Thus, Joann and Dick had no further legal basis for

6

differentiating between the tools and the truck. At that point, the sole issue became whether the truck and tools were stolen or were gifted.

¶20   Once Joann and Dick acquiesced in the District Court's ruling to preclude consideration of estate law issues, and withdrew all proposed jury instructions pertaining to estate law, they were no longer in a position to argue that, under estate law, David did not have a complete ownership interest in the tools. They effectively waived any right to challenge the verdict form for failing to differentiate between ownership of the truck and the tools under estate law.

¶21   **II. Did the District Court err by denying Joann and Dick's motion for judgment as a matter of law concerning Joann Finn?**

¶22   Joann and Dick moved the District Court for judgment as a matter of law, arguing that David failed to state a prima facie case against Joann Finn. On appeal, Joann and Dick argue that the District Court erred by refusing to dismiss Joann from the case, and denying their motion for judgment as a matter of law.

¶23   When reviewing an order denying a motion for judgment as a matter of law, we employ the same criteria used by the district court in the first instance. *Marie Deonier v. Paul Revere Life Ins. Co.*, 2004 MT 297, ¶ 18, 323 Mont. 387, ¶ 18, 101 P.3d 742, ¶ 18. We have defined the standard for granting judgment as a matter of law as follows:

> Judgment as a matter of law is properly granted only when there is a complete absence of any evidence which would justify submitting an issue to a jury and all such evidence and any legitimate inferences that might be drawn from that evidence must be considered in the light most favorable to the party opposing the motion.

7

*Marie Deonier*, ¶ 18. Joann and Dick claim Joann had no "dominion [or] control" over the property; however, both the evidence in the record and Joann's own testimony suggest otherwise.

¶24 The single issue at trial was whether, as a result of a gift from Bill Turk, David owned the U-Haul truck. Joann had possession of the truck and the ignition key both before and during the trial. When David removed the truck from her property, she—not Dick—reported it to the police as stolen and filed trespassing charges against David. In the police report, Joann is listed as the only complainant, and the offense is categorized as "vehicle theft." The report also contained a voluntary statement made by Joann, describing the truck and its contents. In her statement, Joann said "[t]his truck was removed from our property without pemission [sic] or knowledge." The police report was entered into evidence during the plaintiff's case-in-chief, though it was a defense exhibit. Thus, the District Court could have properly considered this evidence in ruling on the motion. After the truck was recovered, the sheriff returned it to Joann. Through his attorney, David sent a demand letter (Plaintiff's Exhibit E) addressed to both Dick and Joann, requesting the return of the truck. Joann refused to return the truck to David.

¶25 Judgment as a matter of law is appropriate only where there is a complete absence of evidence. Here, there is not a complete absence of evidence—both Joann's possession of the truck, and the police report she filed reporting the truck as stolen justified submitting the issue of ownership to the jury. Joann attempted to exercise ownership

8

over the truck by reporting it stolen, and preventing David from taking control of the truck. Thus, the District Court did not err in refusing to dismiss her from the case.

¶26 **III. Did the District Court err by denying Joann and Dick's motion for judgment as a matter of law concerning the statute of limitations?**

¶27 Joann and Dick argue that the District Court erred by denying their motion for judgment as a matter of law, in which they argued David failed to bring his suit within the statute of limitations set forth under §§ 27-2-202(2), 27-2-207, 27-2-231, 72-3-802, and 72-3-1011, MCA. Again, we conclude that Joann and Dick have waived this argument.

¶28 We have held time and again that the statute of limitations is an affirmative defense which must be raised in a party's pleadings. M. R. Civ. P. 8(c); *Estabrook v. Baden*, 284 Mont. 419, 421, 943 P.2d 1334, 1335-36 (1997). "The law is clear that if the defense is not plead affirmatively, it is waived." *Taylor v. Dept. of Fish, Wildlife, & Parks*, 205 Mont. 85, 96, 666 P.2d 1228, 1233 (1983) (citations omitted). In their answer to David's complaint, Joann and Dick did not argue that the statute of limitations had expired. Thus, they have waived their right to argue the issue now on appeal.

## CONCLUSION

¶29 In sum, all but one of the issues Joann and Dick raise are not properly before us for consideration. Joann and Dick failed to raise the statute of limitations as an affirmative defense in their answer to David's complaint, and thus have waived the right to argue it now on appeal. Similarly, Joann and Dick expressed their approval of the

9

court's decision to preclude the jury from considering any estate law issues, and voluntarily withdrew their proposed jury instructions dealing with the same. Thus, they waived the right to challenge the verdict form on appeal, on the basis of an estate law theory. We conclude that the District Court did not err in refusing to dismiss Joann Finn from the case, because the record reflects ample evidence that she interfered with David Turk's possession of the truck and tools. Accordingly, we affirm.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS


Justice Jim Rice, dissenting.

¶30 I dissent to the Court's holding under Issues I and II.

¶31 Under Issue I, the Court holds that Appellants waived their right to challenge the District Court's special verdict form because they withdrew their objection to the court's ruling on estate and contract issues and failed to adequately object when the District Court presented its form. However, I believe the Court applies waiver too broadly.

¶32 We have held that "where no objection is raised to the special verdict form before its submission to the jury, the Court will not review the sufficiency of the form for the first time on appeal." *Wisher v. Higgs*, 257 Mont. 132, 143, 849 P.2d 152, 158 (1993),

*overruled on other grounds, Blackburn v. Blue Mt. Women's Clinic*, 286 Mont. 60, 951 P.2d 1 (1997) (citation omitted). In *Weinberg v. Farmers State Bank*, 231 Mont. 10, 19, 752 P.2d 719, 724 (1988), we explained that where "the issue of propriety of the special verdict [is] not raised by objection at the time of its presentation to counsel," then the issue is waived. Here, a specific objection to the verdict form was raised. Considering this law and the circumstances here, I believe Appellants' objection was adequate to preserve the issue for appeal.

¶33 The District Court prepared the special verdict form after denying Appellants' motion for directed verdict. Although Appellants withdrew their objection to the court's dismissal of the estate theory claims, they continued to object to the form of the court's special verdict for purposes of the gift theory which remained. As Appellants' counsel stated at that time, "the tools should be – not be part of the verdict but it should only be the truck that would be an issue as to whether or not it was a gift." The District Court thereafter noted the objection "to the verdict form and the instruction on gift."

¶34 This was all which was necessary at that point, *because David had already admitted that he owned only a proportional amount of the tools housed in the back of the U-Haul, not all of them.* Nonetheless, the District Court lumped all of the tools together with the truck under the gift issue. Indeed, *both parties* objected to this on the ground that it was unfair for the District Court to combine ownership of the truck and tools into one jury question. In acquiescing to the court's removal of the estate and contract issues generally, Appellants did not waive their specific objection to the District Court's

11

handling of the gift issue. That objection was preserved for appeal, and I believe the verdict form was clearly flawed in lumping all of the property together into one question. The jury was thus prevented from deciding the case in accordance with the uncontested evidence, admitted by David, that he did not own all of the tools.

¶35 Under Issue II, I believe the District Court erred by not granting the Appellants' motion for judgment as a matter of law concerning Joann. The Court concludes that there was "more than enough evidence in the record to justify submitting the issue of the truck's ownership to the jury."

¶36 However, the evidence cited by the Court, including the police report and Joann's statement, offers no assertion by Joann that she owned the property herself; she was merely reporting that it was taken from her property. Without more, this evidence does not support the conclusion that Joann exercised ownership over the U-Haul. Joann's pressing of trespassing charges against David occurred because David had trespassed on her property—not because David took the truck. Thus, the court should have concluded that any authority Joann exercised over the truck was minimal, was due to the fact that it was housed on her property by Dick, and did not make out a prima facie claim.

¶37 I would reverse.

/S/ JIM RICE

12