# FILED

July 22 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 07-0125

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 258N

KARL BUECHSENSCHUETZ,

Plaintiff and Appellee,

v.

NORTHERN ROCKIES ORTHOPAEDIC
SPECIALISTS,

Defendant and Appellant.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 02-886
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

John R. Gordon, Spoon Gordon, P.C., Missoula, Montana

For Appellee:

Paul J. Petit and Steven L. Hock, Petit, Hock & Strauch, Missoula, Montana

Submitted on Briefs:  June 18, 2008

Decided:  July 22, 2008

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Appellant Northern Rockies Orthopaedic Specialists (NROS) appeals from several orders of the District Court following a jury verdict in favor of Appellee Karl Buechsenschuetz (Buechsenschuetz). We affirm.

¶3     NROS hired Buechsenschuetz to provide physician services for them. Buechsenschuetz signed an employment agreement that called for NROS to consider him for partnership after two years. NROS deferred consideration of Buechsenschuetz for partner beyond the two-year period. Buechsenschuetz eventually developed a movement disorder forcing him to miss work for about three months. Buechsenschuetz attempted to return to work, but NROS informed him that he was being discharged due to his inability to perform surgery. Buechsenschuetz filed a wrongful discharge claim against NROS.

¶4     The District Court's order of September 23, 2005, directed the parties to file written objections to proposed jury instructions. The District Court reiterated this requirement at the final pre-trial conference on May 4, 2006. The court ordered the parties to file any written objections within five days of the final pre-trial order. NROS failed to offer any written objections to the proposed jury instructions.

2

¶5	The District Court offered the jury preliminary instructions before trial that included an instruction that the employment agreement between NROS and Buechsenschuetz constituted a written personnel policy. Buechsenschuetz's counsel referred to the employment agreement several times during his opening statement. NROS's counsel objected to the instruction after Buechsenschuetz's counsel's opening statement and outside the presence of the jury. NROS moved for a mistrial. The District Court denied the motion. The jury eventually returned a verdict in Buechsenschuetz's favor. NROS appeals.

¶6	NROS contends on appeal that the District Court improperly invaded the province of the jury by providing the instruction regarding the employment agreement before opening statements. NROS argues that the court should have waited until after it had finalized the instructions at the close of evidence. Buechsenschuetz counters that NROS failed to preserve its objection by waiting to object until after Buechsenschuetz's counsel completed his opening statement, by failing to file a written objection to the instruction as ordered by the District Court, and by failing to submit an alternative instruction. Buechsenschuetz points out that the District Court possesses the authority and discretion to require that objections to jury instructions be made in writing and to specify a deadline by which those objections must be made as "trial administration issues." *Estate of Schwabe v. Custer's Inn*, 2000 MT 325, ¶ 51, 303 Mont. 15, ¶ 51, 15 P.3d 903, ¶ 51, *overruled on other grounds*, *Giambra v. Kelsey*, 2007 MT 158, ¶ 58, 338 Mont. 19, ¶ 58, 162 P.3d 134, ¶ 58. Buechsenschuetz contends that NROS's failure to file written objections as required by the District Court's orders waived its right to raise the legal sufficiency of the instruction on appeal. Buechsenschuetz further contends that NROS's additional failure to submit an

3

alternative instruction to support its position that it was for the jury to determine whether the employment agreement constituted a written personnel policy caused NROS to waive the objection. Buechsenschuetz cites to M. R. Civ. P. 51 and our decision in *Werre v. David*, 275 Mont. 376, 394, 913 P.2d 625, 636 (1996), to support its claim that NROS's failure to provide an alternative proposed instruction waived its objection to the instruction provided by the court.

¶7 The District Court also provided the jury with a special verdict form that directed the jury to decide whether the employment agreement between Buechsenschuetz and NROS continued in effect after its stated expiration date. Buechsenschuetz again argues that NROS waived its objection to this special verdict form by failing to state the specific grounds for its objection either in writing or at the conference on jury instructions. Buechsenschuetz further contends that NROS waived its objection by failing to submit an alternative special verdict form. Buechsenschuetz cites to *Greytak v. RegO CO.*, 257 Mont. 147, 152, 848 P.2d 483, 486 (1993), to support its claim that NROS's failure to provide an alternative proposed instruction waived its objection to the special verdict form provided by the court.

¶8 We review a jury instruction and the decision to use a particular special verdict form for an abuse of discretion. *Murphy Homes, Inc. v. Muller*, 2007 MT 140, ¶ 74, 337 Mont. 411, ¶ 74, 162 P.3d 106, ¶ 74; *Giambra*, ¶ 28. We consider the instruction in its entirety in connection with other instructions given and the evidence introduced at trial. *Murphy Homes, Inc.*, ¶ 74. We will not review the propriety of jury instructions or special verdicts where the party has failed to preserve these issues for appeal. *Greytak*, 257 Mont. at 152, 848 P.2d at 486. We will not entertain an argument for the first time on appeal. *Jones v.*

4

*Montana University System*, 2007 MT 82, ¶ 23, 337 Mont. 1, ¶ 23, 155 P.3d 1247, ¶ 23.

¶9       We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and record before us that NROS has failed to preserve properly its objections to the jury instructions and special verdict form at issue. *Murphy Homes, Inc.*, ¶ 74; *Giambra*, ¶ 28; *Greytak*, 257 Mont. at 152, 848 P.2d at 486. We long have adhered to the rule that an instruction given without an objection becomes the law of the case. *Seltzer v. Morton*, 2007 MT 62, ¶ 144, 336 Mont. 225, ¶ 144, 154 P.3d 561, ¶ 144.

¶10      We affirm.

                                        /S/ BRIAN MORRIS

We Concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JOHN WARNER