Tim A. ZAHRTE, Plaintiff-Appellant,

v.

STURM RUGER & COMPANY, INC.,
Defendant-Appellee.

No. 80-3400.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 1981.

Resubmitted June 1, 1983.

Decided June 21, 1983.

Michael Milodragovich, Milodragovich, Dale & Dye, P.C., Missoula, Mont., for plaintiff-appellant.

James P. Dorr, Chicago, Ill., for defendant-appellee.

Before KILKENNY, GOODWIN and SKOPIL, Circuit Judges.

KILKENNY, Circuit Judge:

On June 30, 1977, appellant suffered a gunshot wound to his right thumb when his old style single-action revolver accidentally discharged. He brought a products liability diversity action in federal court against the manufacturer/appellee Sturm, Ruger & Co., Inc. Appellant attempted to recover on the theory of strict liability. The case was tried to a jury, which returned a special verdict in favor of appellee. The special verdict form reflected the jury's determination that, under the law as given to it by the trial judge, appellant had assumed the risk of his injury.

## FACTS

Appellant purchased the revolver from a stranger in a saloon for $70.00. It was a used revolver, and it was not in its original box. The precise date of manufacture is unknown because appellant ground off the serial number shortly after the purchase. The seller included no instructions as to the weapon's use. Appellee's name and address were present on the barrel, but appellant did not attempt to obtain any information from it concerning the gun. At the time of the purchase, appellant understood that the revolver was a "Gun of the West", that is, a single-action firearm modeled after revolvers used in the nineteenth century.

Appellant kept the fully loaded revolver on the floor of his service truck as a means of protection against rattlesnakes. The truck was frequently driven over dirt roads, gravel roads, and open terrain. On June 30, 1977, appellant decided to remove some of his personal belongings from the service truck. He transferred these belongings, including the revolver, into another service truck and drove to his residence. However, after removing the belongings from the truck toward his house, he dropped or tossed the revolver onto the steps, causing it to discharge and injure him. The remaining facts and proceedings in the district court are more fully developed· in the exhaustive opinion of that court in *Zahrte v. Sturm, Ruger & Co., Inc.*, 498 F.Supp. 389 (D.Mont.1980).

## PROCEDURAL BACKGROUND

The appeal was initially argued and submitted to us on December 8, 1981. Appellant presented several issues. Among these was whether the district court erred in its instructions to the jury concerning the defense of assumption of risk and the doctrine of comparable fault. Finding considerable uncertainty concerning the proper interpretation of Montana law, we certified two questions of state law to the Montana Supreme Court for adjudication, pursuant to Montana Supreme Court Rule I.

The Montana Supreme Court accepted jurisdiction and, after hearing arguments

from the parties, rendered its decision in *Zahrte v. Sturm, Ruger & Co., Inc.,* 40 Mont. ——, 661 P.2d 17 (1983). The court found that the following question was dispositive:

"Does the defense of assumption of risk still exist as a complete bar to plaintiff's recovery in a products liability action in the State of Montana?"

The court held that assumption of risk is an available defense in products liability actions. However, a finding that the plaintiff assumed the risk does not necessarily bar recovery. The court stated that for the defense of assumption of risk to apply

[p]laintiff must have a subjective knowledge of the danger and then voluntarily and unreasonably expose himself to that danger.... If those elements are found to exist the defense becomes operative and must be *compared* with the conduct of the defendant. The mechanics of comparison are the same as in comparison for contributory negligence.

40 Mont. ——, 661 P.2d at 18–19. [Emphasis supplied].

On June 1, 1983, we ordered that the case be resubmitted for our consideration in light of the decision.

## DISCUSSION

After a full and complete consideration of the Montana Supreme Court decision in *Zahrte, supra,* we have concluded that the district court's instruction on assumption of risk, instructing that if the jury found that plaintiff assumed the risk he could not recover, was contrary to Montana law. Therefore, we must vacate the judgment and remand the case for a new trial in light of that decision.

Inasmuch as there is little likelihood of a recurrence of the other issues presented initially, we find it is unnecessary to address them.

## CONCLUSION

The judgment is vacated and the case remanded to the district court for a new trial.

IT IS SO ORDERED.