91 F.3d 154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael PERIS, Personal Representative of the Estate of
George Peris, Deceased, Plaintiff-Appellee,
v.
SAFECO INSURANCE COMPANY, Defendant-Appellant.
 No. 94-35868.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 19, 1995.
Decided July 10, 1996.
 
 1
 BEFORE: REINHARDT and TROTT, Circuit Judges, and SCHWARZER, District Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 This is an appeal from a judgment entered on a jury verdict holding appellant Safeco Insurance Company of America liable for violation of the Montana Unfair Claims Settlement Practices Act (UCSPA). Mont.Code Ann. §§ 33-18-201, -242 (1991). Safeco removed the action to federal court on the basis of diversity of citizenship. Following trial, the jury returned a verdict for plaintiff of $35,894.85 compensatory damages and $250,000 punitive damages. The district court denied Safeco's post trial motions. Safeco appeals from the judgment. The district court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 FACTS
 
 4
 Plaintiff Michael Peris is the representative of the estate of George Peris, Safeco's insured. In December 1990, George Peris was involved in an automobile accident in which John Stepan was injured. In the underlying action, Stepan sued George Peris for his injuries. George Peris' responsibility for the accident was unrefuted as was the issue of insurance policy coverage.
 
 
 5
 During 1991 and 1992, upon receiving more information about Stepan's worsening condition, Safeco made a number of settlement offers, each increasing in amount, which Stepan rejected and countered with his own offers. First, in September 1991, Safeco offered to settle with Stepan for $8,960; Stepan demanded $65,000. In December 1991, further information led Safeco to increase its offer to $13,086. In January 1992, Stepan retained counsel and demanded $100,000, the limit on Peris' Safeco policy; in return, Safeco offered to settle for $15,000. In March 1992, Peris told Safeco that he was concerned about an excess verdict and would hold Safeco responsible if it failed to settle the case within its policy limits; Safeco increased its offer to $25,000.
 
 
 6
 In September 1992, Peris again asked Safeco to settle the case within policy limits or to accept responsibility for an excess verdict. In February 1993, Stepan offered to settle for $165,000. On March 12, 1993, counsel hired by Safeco to defend the case advised Safeco that "[t]here are significant dangers that this case could possibly exceed the policy limits." Safeco then offered to settle for $100,000.
 
 
 7
 Stepan countered with a demand for $150,000. Safeco refused to pay more than $100,000 and advised Peris that he would be responsible for any excess verdict over that amount. Peris then entered negotiations with Stepan and made an offer of $140,000, which Stepan's attorney agreed to recommend to his client. Peris asked Safeco to split the amount over $100,000 up to $140,000 on a 50-50 basis; Safeco refused. Peris then settled the case by paying $135,894.85, consisting of $100,000 from Safeco and $35,894.85 from Peris' estate. Peris again asked Safeco to pay half the excess and Safeco again refused.
 
 DISCUSSION
 
 8
 Safeco argues that plaintiff's claim is barred by the "No Action" clause of the policy which states in relevant part:
 
 
 9
 p 5 ... The insured shall not except at his own cost, voluntarily make any payment ... other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident.
 
 
 10
 p 6 ... No action shall lie against the company until after full compliance with all the terms of this policy nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company. (Emphasis added.)
 
 
 11
 Safeco argues that the emphasized language in the policy bars plaintiff's action since he unilaterally settled the case with Stepan. Plaintiff contends that Safeco's defense is barred, inter alia, by the UCSPA.
 
 
 12
 Because this case presents controlling questions of first impression under Montana law regarding whether and when an insured is entitled to maintain a cause of action under Mont.Code Ann. §§ 33-18-201, -242 (1991), we certified those questions to the Supreme Court of Montana, pursuant to Mont.R.App.Proc. 44(a) (1996). See Zahrte v. Sturm Ruger & Co., Inc., 709 F.2d 26 (9th Cir.1983), cert. denied, 464 U.S. 961 (1983). The court accepted jurisdiction of the certified questions and has rendered its decision. Peris v. Safeco Ins. Co., 916 P.2d 780 (Mont.1996).
 
 
 13
 The court held that plaintiff is entitled to maintain a cause of action under the UCSPA for the insurance company's breach of its statutory obligation prior to either an adjudication of the underlying claim of the third party against the insured, or a written agreement by the insurance company settling the case, notwithstanding the "No Action" clause in the insured's policy. The court further held that the "No Action" clause does not prevent the plaintiff from maintaining an action where he entered into the settlement without objection from Safeco and where Safeco contributed its policy limits to the settlement. We therefore reject Safeco's contention that plaintiff's claim is barred.
 
 
 14
 Safeco also attacks the punitive damage verdict. It argues that there was insufficient "clear and convincing evidence" to support the verdict. Under Montana law, a court "will not overturn a [punitive damage] jury verdict as long as the verdict is supported by substantial, credible evidence, viewed in a light most favorable to the prevailing party." Dees v. American Nat'l Fire Ins. Co., 861 P.2d 141, 149 (Mont.1993) (under the UCSPA). The statutory requisite of evidence establishing an intentional disregard of facts "that created a high probability of injury to the plaintiff" is amply met by the evidence of repeated warnings to Safeco from attorneys regarding the significant danger that the case could exceed policy limits. Even Safeco's own expert opined that there "was the strong probability of a verdict in excess of $100,000." Moreover, Safeco's own failure to conduct a timely investigation and to seek a medical evaluation, in addition to its stonewalling approach to settlement, reflects a deliberate indifference to the risk of injury to its insured. Safeco failed to protect its insured's interests when it failed to offer its policy limits until it had become too late to settle within those limits. The district court, who had the opportunity to observe the witnesses at trial, concluded that Safeco's conduct deserves "exemplary measures for the purpose of altering such conduct in the future...." See Dees, 861 P.2d at 150 ("A district court judge, having heard the evidence and observed the witnesses, is in the best position to determine whether the requirements of proof of punitive damages have been met.").
 
 
 15
 Safeco also argues that Montana's punitive damages statute is unconstitutional because it permits the imposition of punitive damages without proof of a breach of a legal duty. This argument is premised on the fallacious notion that the jury could have awarded punitive damages for Safeco's failure to waive its policy limits. That clearly was not true here. The case went to the jury on plaintiff's claim of violation of the UCSPA. The jury was instructed that to find for plaintiff; it would first have to find that Safeco violated its duties under the act. With respect to punitive damages, the jury was instructed it could award such damages only if it found that plaintiff had suffered actual damages. Thus, it would not have reached the issue of punitive damages until after having determined that Safeco had violated the UCSPA and caused actual damage to plaintiff.
 
 
 16
 We have considered Safeco's contentions of evidentiary error and conclude that they require no discussion and are without merit.
 
 
 17
 AFFIRMED with costs to appellee.
 
 
 
 *
 The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3